IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC LEVELLE, <br><br> Defendant. | No. CR03-0068-LRR <br> No. C05-0065-LRR <br><br> ORDER |

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 31). The defendant filed his motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the defendant's motion to amend (Docket No. 32). For the following reasons, the defendant's motion to amend shall be granted and 28 U.S.C. § 2255 motion shall be denied.[2]

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating

(continued...)

## I. BACKGROUND

On July 11, 2003, the grand jury returned and the government filed a one-count indictment against the defendant. Count one of the indictment charged:

> On or about September 29, 2002, in the Northern District of Iowa, ERIC LEVELLE, after having previously been convicted of a felony drug offense, to wit:
>
> > On November 10, 1998, ERIC LEVELLE was convicted of felony drug tax stamp violation in the Iowa District Court in and for Iowa County, case number FECR 006273,
>
> did knowingly and intentionally possess with intent to distribute approximately 49.8 grams of a mixture or substance of methamphetamine which contained 6.5 grams of pure (actual) methamphetamine, a Schedule II controlled substance.
>
> This is in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 851.

On September 3, 2003, the defendant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the defendant pleaded guilty to the only count (Possession with Intent to Distribute Methamphetamine after a Prior Conviction for a Felony Drug Offence) contained in the indictment. On the same day, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's plea of guilty. On October 28, 2003, the court

---

(...continued)
district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

entered an order adopting the report and recommendation pertaining to the defendant's guilty plea. On March 24, 2004, the court sentenced the defendant to 120 months imprisonment and 8 years supervised release. On March 29, 2004, judgment entered against the defendant. The defendant did not file an appeal.

On April 5, 2005, the defendant, by and through his attorney Mark Meyer, filed the instant motion. In the 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence on two grounds. Specifically, the defendant asserts: 1) the sentence imposed is in violation of the Sixth and Fifth Amendments; and 2) counsel did not provide effective assistance because he failed to raise the Sixth and Fifth Amendments issue in the trial court or on direct appeal. Regarding the former ground, the defendant states:

> As presently interpreted, the Sixth and Fifth Amendments require that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury by proof of beyond a reasonable doubt, in the absence of a waiver of rights by the Defendant.
>
> Mr. Levelle anticipates that the Constitution will be interpreted to require that any fact, including a prior conviction, sufficient to raise the limit of a possible federal sentence must be found by a jury beyond a reasonable doubt.
>
> In his case, Mr. Levelle's constitutional rights were violated because a judge (not a jury) made a finding by a preponderance of the evidence (not proof beyond a reasonable doubt) about facts (that the defendant had a prior, final felony drug conviction) that raised the limit of his possible federal sentence.
>
> This violated the Constitution as presently interpreted because the finding that there was a prior, final felony conviction is a fact too far removed from the conclusive significance of a prior record to allow a judge to make the finding. In any event, recent Supreme Court authority suggests that the fact of

prior convictions should not be treated differently than any other fact that serves to raise the limit of a possible federal sentence.

On April 12, 2005, the defendant filed a motion to amend his 2255 motion. Pursuant to such motion, the defendant:

> seeks to [. . .] specifically include a ground that was implicitly raised in his original [motion], that is, that imposition of a mandatory minimum sentence upon the basis of facts not alleged and proved beyond a reasonable doubt to a jury (or by admission) violates a defendant's rights as guaranteed by the Fifth and Sixth Amendments, specifically the right to due process and to a jury trial.

In an attempt to clarify his "new" ground, the defendant states:

> [T]he imposition of a mandatory minimum sentence upon the basis of facts not found charged in the indictment and proved to a jury by proof beyond a reasonable doubt violated his rights as guaranteed by the 5th and 6th Amendments; and, that his trial counsel was ineffective for failing to raise this issue, or that counsel could not be expected to raise these issues given that as it now stands, and as it was at the time of his sentencing hearing, this issue would not prevail.

> [these] claims [. . .] as amended are not frivolous because there is considerable uncertainty about the continued viability of the cases that exempt prior criminal convictions from the constitutional requirements attendant to proof of other facts that increase the limit of a defendant's sentence. Likewise there is considerable uncertainty about the viability of cases that exempt the facts that trigger mandatory minimum sentences from the constitutional requirements attendant to proof of facts that increase the limit of a defendant' sentence. Due to the time limits on filing for 2255 relief, [these claims are asserted] before the legal uncertainty attendant to his claims is resolved.

On the same day, the defendant filed a brief in support of his motion pursuant to 28 U.S.C. § 2255.

The court now turns to consider the defendant's motion to amend and motion pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct

appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th
(continued…)

### B. The Defendant's Motion to Amend

Because it is timely and relates to the original 2255 motion, the court deems it appropriate to consider the claim asserted in the defendant's motion to amend. *See* 28 U.S.C. § 2255 (authorizing one year period of limitation); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). Accordingly, the defendant's motion to amend shall be granted.

### C. The Defendant's Claims

### 1. Fifth Amendment and Sixth Amendment

With respect to his prior criminal conviction, the defendant acknowledges current law does not support his claim that his sentence violates the Fifth Amendment and Sixth Amendment. In his April 12, 2005 brief, the defendant states:

> [I]n *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court reiterated that the *Almendarez-Torres* exception to the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) remains good law. [*Booker*,] 125 S. Ct. At 756. *Almendarez-Torres* held that a jury need not have found facts of prior convictions and that those facts need not be proved beyond a reasonable doubt. However, in a more recent case, *Shepard v. United States*, No. 03-9168, 544 U.S. ___, 2005 WL 516494 (Mar. 7, 2005), Justice Thomas stated

---

³(...continued)
Cir. 1997); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

7

that a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. Justice Thomas also predicted that *Almendarez-Torres* would be overruled sometime in the near future. *Shepard*, 2005 WL 516494, at *9 (Thomas, J., concurring). In the event this prediction becomes fact, Mr. Levelle wishes to keep the issue alive in his case.

Because the court is bound to apply current law and not future or predicted law, the defendant's claim that the court unlawfully determined he had a prior, final, felony drug conviction is without merit.

Moreover, when arguing about the court's determination regarding his prior criminal conviction, the defendant assumes that the Supreme Court will make its eventual holding which overturns *Almendarez-Torres* apply retroactively to cases on collateral review. The court believes the likelihood of the Supreme Court taking that course is remote. *Cf. Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 2521-26, 159 L. Ed. 2d 442 (2004) (holding *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), which applied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), does not have retroactive application because it did not announce substantive rule or watershed rule); *see also United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) (*Apprendi* is not a watershed procedural rule that applies retroactively to cases on collateral review).

Concerning his mandatory minimum sentence, the defendant argues his sentence violates the Fifth Amendment and Sixth Amendment because of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In his April 12, 2005 brief, the defendant states:

> although *Harris v. United States*, 536 U.S. 545, 568, 122 S. Ct. 2406, 2420 (2002) allows for judicial fact-finding in support of mandatory minimums, where the mandatory

> minimum sentence is greater than the presumptive guideline sentence, imposition of the higher "mandatory minimum sentence" [. . .] violates *Blakely* when based on facts not found by a jury. In other words, *Blakely* trumps *Harris* when they are in tension.

The defendant questions whether *Harris* is still good law in light of *Blakely*. The court need not reach that question because the defendant is not entitled to relief based on the rule announced in *Blakely*. On January 12, 2005, the Supreme Court addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, to the Federal Sentencing Guidelines). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker* or its "holdings–both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act–to all cases on direct review." *Booker*, ___ U.S. at ___, 125 S. Ct. at 769, 160 L. Ed. 2d at 665 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (prohibiting the application of new rules of criminal procedure on collateral review, except where the new rule places certain kinds of conduct beyond the power of the government to proscribe or requires the

observance of procedures that are "implicit in the concept of ordered liberty").[4] Consequently, the defendant's claim which relies on *Blakely* fails.

## 2. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defense." U.S. Const., Amend. VI. Furthermore, criminal defendants have a constitutional right to effective assistance of counsel in their first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

---

[4] The court notes the Eighth Circuit Court of Appeals has not addressed whether *Booker* applies retroactively on collateral review. Nonetheless, a review of applicable case law indicates the consensus of circuit courts is that *Booker* does not apply retroactively on collateral review. *See, e.g., Cirilo-Munoz v. United States,* No. 02-1846, 2005 U.S. App. LEXIS 6343 (1st Cir. Apr. 15, 2005); *Guzman v. United States*, 404 F.3d 139, No. 03-2446, 2005 U.S. App. LEXIS 5700 (2d Cir. Apr. 8, 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). *Cf. In re Elwood*, No. 05-30269, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005) (denying permission to file a second or successive motion under 28 U.S.C. § 2255); *In re Olopade*, No. 05-1617, 2005 U.S. App. LEXIS 5886, at *1 (3d Cir. Apr. 11, 2005) (same); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. *See also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id. See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id. See also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting *Strickland*, 466 U.S. at 689); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in

a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

Here, the defendant has neither overcome the strong presumption that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in trial counsel's performance prejudiced his defense, *id.* at 692-94. The defendant admits that, if counsel had raised the claim based on the Fifth and Sixth Amendment, it would have failed. Given such admission, the court does not find that the defendant is entitled to relief based on *Strickland*. Stated differently, the court concludes counsel's failure to submit futile issues or claims does not constitute ineffective assistance. *Cf. Brown v. United States*, 311 F.3d 875, 877-78 (8th Cir. 2002) (holding a criminal defendant's legal representation "cannot be said to fall below an objective standard of reasonableness" based on a failure to anticipate *Apprendi* and its ramifications). Accordingly, the defendant's claim that counsel did not provide effective assistance because he failed to raise the Sixth and Fifth Amendments issue in the trial court or on direct appeal lacks merit.

## III. CONCLUSION

In sum, the defendant failed to state a claim which warrants relief. Accordingly, the defendant's motion to vacate, set aside or correct his sentence shall be denied.

**IT IS THEREFORE ORDERED**:

1) The defendant's motion to amend (Docket No. 32) is GRANTED.

2) The defendant's 2255 motion (Docket No. 31) is DENIED.

**DATED** this 10th day of May, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA